**GUI DE HUANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2253–ag.

United States Court of Appeals, Second Circuit.

Feb. 13, 2008.

David A. Bredin, Law Office of David A. Bredin, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Susan Houser, Senior Litigation Counsel, W. Daniel Shieh, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Gui De Huang, a native and citizen of China, seeks review of an May 16, 2007 order of the BIA affirming the November 28, 2005 decision of Immigration Judge ("IJ") William F. Jankun, denying Huang's applications for asylum and withholding of deportation. *In re Huang,* No. A 73 186 489 (B.I.A. May 16, 2007), *aff'g* No. A 73 186 489 (Immig. Ct. N.Y. City Nov. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

This Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

■ We conclude that the agency's adverse credibility determination is supported by substantial evidence. The IJ found, and the BIA agreed, that there were numerous material inconsistencies in Huang's testimony and between that testimony and his documentary evidence. The IJ accurately found that the discrepancies and omissions regarding the date of Huang's marriage, whether and when he had wed, whether he had broken his hand during an altercation with family planning officials, his whereabouts during his son's birth, and whether a fine levied against him had been paid (and by whom) were all material to Huang's claim. Viewed cumulatively, they provided ample support for the agency's adverse credibility determination.[2] *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.") (internal citations omitted). Moreover, the IJ did not have to credit Huang's efforts to explain the discrepancies. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Huang further challenges the agency's finding that the marriage certificate he submitted deserved little weight because the photograph was deemed a composite in a forensics report. We have observed, however, that the weight afforded to an applicant's evidence in immigration proceedings "lies largely within the discretion of the IJ." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006). Huang failed to rebut the forensics report and his contentions that "there are different methods utilized in taking peoples photos" does not alter the IJ's discretion to discount the certificate.

■ Furthermore, as the agency found, even if Huang were deemed credible, he failed to meet his burden of establishing past persecution or a well-founded fear of future persecution. First, the IJ reasonably rejected Huang's explanation for why, after so many years, the authorities would still be interested in him, particularly where his wife has had no difficulties with the authorities other than being asked to report for physical examinations. Second, the agency reasonably found that, if the authorities are still looking for Huang on account of his physical altercation with family planning officials in 1992, sanctions for criminal violations do not constitute persecution. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992) (persecution does not encompass punishment for violation of a generally applicable criminal law). Finally, Huang's wife's alleged abortion does not constitute persecution of Huang himself. *See Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 308 (2d Cir.2007) (*en banc*).[3]

Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determi-

2. We note that both in his brief to the BIA and this Court, Huang failed to address most of the cited inconsistencies.

3. Judge Sotomayor continues to disagree with the majority opinion in *Shi Liang Lin* to the extent it applies beyond unmarried partners, *see Shi Liang Lin,* 494 F.3d at 327 (Sotomayor, J., concurring), but she is bound by court precedent, *see United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004).

nation in this case necessarily precludes success on his claim for withholding of deportation. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). This Court lacks jurisdiction to review Huang's argument that he is entitled to relief under the Convention Against Torture because that claim was not exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.